### 5416.　STRICKLAND v. THE STATE.

RUSSELL, C. J. 1. In an indictment for violation of the act of 1910 (Acts of 1910, p. 120) which provides a punishment for removing beyond the limits of the State personal property held under a conditional purchase and sale, by the terms of which title is retained by the vendor until the purchase-price is paid, or for wilfully concealing such property, it is not necessary to state the specific manner in which the removal or concealment of the property is effected. The trial judge did not err in overruling the demurrer to the indictment.

2. The instructions requested, so far as they were pertinent in the case, were covered by the charge of the court in language more appropriate to the evidence.

3. In misdemeanors all who participate in the criminal act are principals. The evidence of the defendant's participation in and connection with the removal of the mules beyond the limits of the State, while circumstantial, is sufficient to exclude any other reasonable supposition than that the accused was aiding and abetting his codefendant in the removal as well as in the sale; and the judgment of the trial judge, approving the verdict, will not be disturbed.　*Judgment affirmed. Roan, J., absent.*

DECIDED MAY 16, 1914.

Indictment for misdemeanor; from Colquitt superior court— Judge Thomas. December 9, 1913.

The indictment was against W. P. Brown and E. J. Strickland, and was in two counts. Strickland was convicted on the first count. In this count it is alleged that the defendants, on March 20, 1913, in Colquitt county, in the State of Georgia, did "knowingly and wilfully remove, caused to be removed, and procured to be removed, beyond the limits of the State of Georgia, certain personal prop-

erty, to wit: one bay horse mule, six years old; also one thick, blocky built, bay horse mule, six years old, has stripes down back and shoulders, and has crossed eyes, which said property was then and there held by the said W. P. Brown under conditional purchase and sale from J. J. Battle, vendor of said personal property, and by the terms of which said purchase and sale the title to said personal property was retained by the said vendor until the purchase-price of said personal property should be paid by the said W. P. Brown; the said E. J. Strickland then and there knowing, and having actual knowledge, that the said W. P. Brown held said personal property under conditional purchase and sale from the said J. J. Battle, the vendor of said property, and by the terms of said purchase the title to said personal property was retained by the said vendor of said personal property until the purchase-price of said personal property should be paid, and that said personal property was then and there subject to said contract of sale, which said removal of said personal property was then and there knowingly and wilfully done by them, the said W. P. Brown and E. J. Strickland, without the consent and approval of the said vendor, and with intent to defraud and defeat the rights of the said vendor, and which removal of said personal property tended to injure and did injure the said J. J. Battle, vendor of said personal property, contrary to the laws of said State," etc.

The demurrer was on the following grounds: (1) The indictment fails to charge any offense against the laws of said State. (2) It fails to show how the said property was removed, and where it was removed, and how or where it was concealed. (3) It fails to allege that the purchase-price of the property had not been paid, or how much remained unpaid. (4) It fails to show that the prosecutor sustained loss, or how he could lose anything.

*McKenzie & Kline, James Humphreys, Covington & Summerlin,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.